## Appeal of YALE KNEELAND.    Docket No. 179.

In accordance with the decision in *Appeal of Ormsby McKnight Mitchel,* 1. B. T. A. 143, it is held that the entire distributive share of the taxpayer in the net income of Power, Son & Co. in the years 1917, 1918, and 1919 should be included in computing his individual net income for those years.

Submitted October 31, 1924; decided December 11, 1924.

*Herman Aaron, Esq.,* for the taxpayer.

*Robert A. Littleton, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before IVINS, KORNER, and MARQUETTE.

This case was heard upon a stipulation of facts from which the Board makes the following

### FINDINGS OF FACT.

1. That during the years 1917, 1918, and 1919, and for some time prior thereto, the petitioner herein, Yale Kneeland, and one Ormsby McKnight Mitchel were copartners carrying on business in the city of New York under the firm name and style of Power, Son & Co., and that the proportionate interests of said partners in the said business were 49 per cent and 51 per cent, respectively.

2. That on the 1st day of January, 1916, the said Yale Kneeland made and entered into an agreement with Anna Ball Kneeland, his wife, as follows:

Agreement between Yale Kneeland, party of the first part, and Anna Ball Kneeland, party of the second part.

The party of the first part being a member of the firm of Power, Son & Co., composed of Ormsby McK. Mitchel and Yale Kneeland.

Now, for valuable consideration by each of the parties to the other in hand paid, the receipt of which is acknowledged, the parties hereto agree to form a subpartnership as to the profits which shall accrue to the party of the first part from the aforementioned firm upon the conditions and agreements hereinafter set forth, to wit:

Second. Settlements shall be had between the parties hereto annually unless this agreement shall be terminated prior to the expiration of any year when a settlement shall be had upon the termination of this agreement.

Third. This agreement shall take effect as of the beginning of the fiscal year and may be terminated by either party at any time.

Dated New York, January 1, 1916.

(Sgd.)    YALE KNEELAND,
(Sgd.)    ANNA BALL KNEELAND.

Upon the making of said agreement Power, Son & Co. were duly notified thereof, and the share of Anna Ball Kneeland under the agreement was paid over or credited to her as it accrued.

3. That for the years 1917, 1918, and 1919 Yale Kneeland included in his income-tax returns in each of the above years as income derived from the partnership of Power, Son & Co. one-half of the income attributable to his 49 per cent interest in the profits of that partnership. The Commissioner proposed to include in petitioner's income the entire 49 per cent of the profits of Power, Son & Co. for each of the years in question and to assess against the petitioner an additional tax for the years 1917 of $19,453.97; for the year 1918 of $35,940.48, and for the year 1919 of $34,988.50.

### DECISION.

The Board determines that there is a deficiency for the year 1917 in the amount of $19,453.97; for the year 1918 in the amount of $35,940.48; and for the year 1919 in the amount of $34,988.50, and the determination of the Commissioner is hereby approved.

### OPINION.

MARQUETTE: The facts in this case are practically identical with the facts in *Appeal of Ormsby McKnight Mitchel,* 1 B. T. A. 143, and it was stipulated by counsel that the decision herein should follow the decision in that case. In accordance with said decision we hold that the taxpayer's entire distributive share of the net income of the partnership of Power, Son & Co. in the years 1917, 1918, and 1919 should be included in computing his individual net income for those years, and the determination of the Commissioner to that effect is approved.